UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ASHLEY J., parent and next friend of K.A., a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, et al.,<br><br>    Defendants. | Case No. 23-cv-12861<br><br>Honorable Robert J. White |

**ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT RESPONSE TO THE STATE DEFENDANTS' MOTION TO PARTIALLY DISMISS THE AMENDED COMPLAINT**

Governor Gretchen Whitmer, Dr. Michael Rice, Dr. Pamela Pugh, and Attorney General Dana Nessel (the "State Defendants") moved to partially dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 26). The motion is fully briefed. (ECF Nos. 30, 36). Before the Court is Ashley J.'s motion to supplement her response to the State Defendants' motion. (ECF No. 39). Because she offers no legal basis to supplement the response, the Court will deny her motion.

To begin with, Ashley J. moves to supplement her response based upon newly received information from the United States Department of Education in the form of a letter. (ECF No. 39-1, PageID.1155-57). She claims to have requested this

information in May 2024, and only received it on February 28, 2025, over nine months after the initial request. (ECF No. 39, PageID.1150).  According to Ashley J., if she had this information previously, she would have timely incorporated it in her response, which she filed on April 23, 2024. (*Id.*, 1152; ECF No. 30).  As a result, Ashley J. moves to supplement her response so that she may include the letter and address its contents. (ECF No. 39, PageID.1152-53).  Ashley J. points to Federal Rule of Civil Procedure 15(d) as the legal authority for the motion. (*Id.*).

Under Federal Rule of Civil Procedure 15(d), a court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Federal Rule of Civil Procedure 7(a)(1)–(7) defines "pleadings" as complaints and answers, and if ordered, a reply to an answer.  The Rule makes clear these are the only pleadings allowed. *See* Fed. R. Civ. P. 7(a).  The definition does not include motions and briefs. *See id.*  Because Rule 15(d) applies exclusively to "Supplemental Pleadings," then, Ashley J. cannot move under the Rule to supplement a response to a motion to dismiss.

In addition, the cases Ashley J. relies upon to support her argument that Rule 15(d) permits supplementing the response are inapplicable. (ECF No. 39, PageID.1153).  Both involve motions to amend or supplement complaints. *See Bormuth v. Winter*, 548 F. Supp. 3d 640, 645 (E.D. Mich. 2021); *Price v. Stephenson*,

No. 16-cv-13434, 2018 WL 992218, at *2 (E.D. Mich. Feb. 21, 2018).  And contrary to Ashley J.'s argument, the fact that Rule 7 addresses both "Pleadings Allowed" and "Motions and Other Papers" does not change the analysis. (ECF No. 41, PageID.1195).  First, the use of a semi-colon in the title to separate pleadings from motions indicates the two items are independent of each other. *See* Fed. R. Civ. P. 7.  Second, pleadings and motions comprise two distinct subsections of the Rule and cannot be conflated. *See id.* (listing pleadings under section (a) and motions and other papers under section (b)).

    Lastly courts cannot consider matters outside of the pleadings on a motion to dismiss under Rule 12(b)(6). *See QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 720 (E.D. Mich. 2003) ("To adjudicate a Rule 12(b)(6) motion, the Court must not consider matters outside the pleadings.").  Because Ashley J. seeks to introduce a letter not referenced in the pleadings, the Court is unable to consider it in deciding the motion to dismiss.  Thus, even if Ashley J. could supplement her response under Rule 15(d), to do so would be futile.  Accordingly,

    IT IS ORDERED that Ashley J.'s motion to supplement her response to the State Defendants' motion to partially dismiss the amended complaint (ECF No. 39) is denied.

4

Dated: September 5, 2025                s/ Robert J. White
                                                                                    Robert J. White
                                                                                    United States District Judge